IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH ANN RICE, an individual of Pontotoc County, Oklahoma,<br><br>    Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), a foreign (not Oklahoma-based) insurer duly registered to do (and in fact doing) business throughout the State of Oklahoma at all times relevant hereto,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 21-CV-00007-JWD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

  Before the Court is Defendant's Notice of Filing of the Administrative Record Under Seal [Doc. No. 31] and Defendant's Administrative Record Filed Under Seal [Doc. No. 32] filed on May 18, 2021. The Court's Scheduling Order [Doc. No. 30 ¶ 1] ordered that the deadline to file the administrative record expired on May 14, 2021. The Scheduling Order also provides that "[u]nder Federal Rule of Civil Procedure 16(b)(4), the Scheduling Order may be modified only for good cause and with the judge's consent." [*Id*. at 3]. Defendant has not sought leave to modify the Scheduling Order or to file the administrative record out of time. Thus, the untimely filing of the administrative record is in violation of the Court's Scheduling Order.

  The Court has inherent authority to manage its docket "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31

(1962); *see also* Fed. R. Civ. P. 1 (explaining that the Court should construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").

The Court strikes Defendant's Notice of Filing of the Administrative Record Under Seal [Doc. No. 31] and Defendant's Administrative Record Filed Under Seal [Doc. No. 32] for failure to comply with this Court's Scheduling Order [Doc. No. 30]. *See also* [Doc. No. 29] (minute sheet describing discussion with counsel about May 14, 2021, deadline and explicit guidance for extension requests).

If Defendant intends to seek leave to file the administrative record out of time, Defendant shall file a motion that sets forth specific facts establishing both "good cause" and "excusable neglect" under Federal Rules of Civil Procedure 16(b)(4) and 6(b), as interpreted by Supreme Court and Tenth Circuit authorities. *See, e.g.*, *sources cited in* [Doc. No. 29].

The Court cautions the parties that additional failures to comply with the Court's Orders could result in sanctions. *See* Fed. R. Civ. P. 16(f).

IT IS SO ORDERED this 19th day of May 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE